THE CHANCELLOR OF THE STATE OF NEW JERSEY v. BENJAMIN P. MORRIS.

Argued June 6, 1911—Decided November 27, 1911.

Under section 202 of the Practice act the venue may be laid by the plaintiff in any one of four counties according to the fact, but if one only of the contemplated situations in fact exists the venue must be laid accordingly, which will be the place of trial unless changed by the court under section 203.

On demurrer and motion for a change of venue.

Before Justices GARRISON and TRENCHARD.

For the plaintiff, *William M. Clevenger.*

For the defendant, *Hugh B. Reed.*

The opinion of the court was delivered by

GARRISON, J. To the declaration filed in the name of the Chancellor in an action on a receiver's bond the defendant demurred and also moved to strike out the assignments of breach. Without passing upon the propriety of this joinder, we have, since no objection was interposed by the plaintiff, considered the several grounds urged against the declaration with the result that judgment is given for the plaintiff on the demurrer and the defendant takes nothing by his motion.

The defendant also moved that the venue, which was laid in Atlantic county, be changed to Monmouth county where the defendant resides. The venue as laid is sought to be justified upon the ground that the receiver's creditors in whose interest the action is brought are residents of Atlantic county. Such creditors are, however, not parties to the action, hence the place of their residence was not to be considered in laying the venue, which, under the two hundred and second section of the Practice act, might be either (1) the county in which the plaintiff resides, or (2) in which the defendant resides, or (3) in which the cause of action arose, or (4) in which process was served on a non-resident defendant.

In the present case the venue should have been laid in the county in which the defendant resides since none of the other contingencies existed. Neither the residence of the Chancellor as an individual nor the state capital is within the meaning of the statute, moreover no one has moved to have the place of trial in either Morris or Mercer county. The cause of action cannot be said to have arisen in any particular county; and the defendant is not a non-resident. There being therefore but one place where the venue could properly be laid under the statute, there was no right of choice in the plaintiff and no room for the discretion of the court under the two hundred and second section. Assuming that the convenience of the persons for whom the action is brought will be considered under the two hundred and third section as if they were plaintiffs, the convenience of the defendant is equally entitled to con-

sideration; and where the conveniences offset each other, the statutory venue should prevail. The venue must be changed to Monmouth county, not for the convenience of the defendant, but because there was no authority to lay it elsewhere, and no sufficient reason has been shown for a change of the venue laid in conformity with the statute.